**Waymond D. HALL, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent—Appellee.**

No. 03–16241.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided June 2, 2004.

Phillip Cherney, Esq., Visalia, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty Atty Gen, Catherine Tennant, Office of the Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: B. FLETCHER, TROTT, and FISHER, Circuit Judges.

## MEMORANDUM *

Waymond Hall appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hall is currently serving a thirty-four year sentence for his convictions by a jury of robbery, attempted robbery, false imprisonment, and possession of a firearm in connection with those offenses. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

## STANDARD OF REVIEW

We review de novo the district court's denial of Hall's habeas petition. *Luna v.*

Cambra, 306 F.3d 954, 959 (9th Cir.2002), *amended by* 311 F.3d 928 (9th Cir.2002). We also review de novo Hall's ineffective assistance of counsel claim, which presents a mixed question of law and fact. *See Jennings v. Woodford,* 290 F.3d 1006, 1011 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 2638, 156 L.Ed.2d 655 (2003). We review the district court's factual findings for clear error. *McClure v. Thompson,* 323 F.3d 1233, 1240 (9th Cir.2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2254 petitions "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In the last reasoned state court decision, the Kern County Superior Court of California denied petitioner's state petition for postconviction relief on the merits of all claims presented. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). After conducting a thorough evidentiary hearing, the district court determined that decision was in no way unreasonable and denied Hall's habeas petition. We affirm.

## ANALYSIS

### 1. Ineffective Assistance of Counsel

*Failure to Further Investigate Alibi Defenses*

■ Hall claims that his trial counsel's decision not to further investigate his alibi

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

defenses relating to both robberies constitutes ineffective assistance of counsel. In order for Hall to prevail on his ineffective assistance of counsel claim, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires him to prove both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Id.* at 687–88, 104 S.Ct. 2052.

Hall has not shown that his trial counsel's handling of his case fell outside "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691, 104 S.Ct. 2052. The reasonableness of counsel's actions, viewed as of the time they occurred, "may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 690–91, 104 S.Ct. 2052.

Here, with regard to the first robbery, the magistrate judge found that prior to trial Hall had only informed his trial counsel that he attended church in the morning with his mother in Little Rock, which would have given him enough time to make it to the scene of the robbery. With regard to the second robbery, the magistrate judge found that trial counsel called the welfare office and determined that there was no record of Hall's having been there on the date of the robbery. Based upon the extensive testimony adduced at the evidentiary hearing in the district court, and the magistrate judge's credibility findings, those factual findings are not clearly erroneous. *See McClure,* 323 F.3d at 1240.

At the time trial counsel chose not to pursue the alibi defenses, neither seemed a viable defense because the first did not preclude Hall's participation in the offense conduct, and the second was not verifiable. On these facts, trial counsel's strategic decision not to call witnesses to testify to the alibis did not constitute ineffective assistance of counsel. *See Denham v. Deeds,* 954 F.2d 1501, 1505 (9th Cir.1992) (holding that counsel's decision not to call alibi witnesses because of inconsistencies in the proposed testimony "reflect[ed] the skill and judgment one would expect of a reasonably competent attorney").

*Failure to Move for Severance*

■ Hall claims that his trial counsel rendered ineffective assistance of counsel by failing to move to sever his trial from that of his co-defendant, Daniels. Hall alleges generally that because the evidence against him was not over whelming, he was prejudiced by the failure to sever, but he points to no specific facts that would prove such prejudice. On the facts of this case, we find no prejudice. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

*Failures of Appellate Counsel*

■ Hall claims that his appellate counsel provided ineffective assistance of counsel for failing to raise on appeal the claims Hall now raises in his habeas petition. This claim also fails. Because Hall cannot prevail on any of his other claims, he cannot possibly demonstrate prejudice on this claim. *See id.* at 687–88, 104 S.Ct. 2052.

2. Prosecutorial Misconduct—Improper Vouching Technique

■ Hall claims that the prosecutor used an improper vouching technique to assist witnesses in making in-court identifications. He explains that whenever witnesses expressed doubt as to their identification testimony, the prosecutor would ask whether the witness had been shown a pre-trial photographic line-up by a police detective, who was present in the court,

and would ask the witness to testify to the professionalism employed by the detective, who would thereafter take the stand to confirm the results of the pre-trial photographic lineup identifications.

The facts of this case do not fit the established prosecutorial vouching rule. *See United States v. Parker*, 241 F.3d 1114, 1119–20 (9th Cir.2001) ("A prosecutor vouches for the credibility of a witness when he or she implies that the government can guarantee the witness's veracity in either of two ways: by (1) placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or (2) suggesting that information not presented to the jury supports the witness's testimony.").

The witness merely offered admissible evidence regarding the reliability of the identification process. The prosecutor then simply offered *on the record evidence*-not extra record material-to shed light on the strength of the identifications. Evidence regarding the strength or weakness of an identification is normally and routinely admissible in a robbery case.

3. Double Jeopardy—Sentencing Enhancement

Petitioner argues that he was unlawfully punished for his prior convictions. The only case he cites, *Witte v. United States*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), precludes his claim. *Id.* at 400, 115 S.Ct. 2199 ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime, which is consid-

ered to be an aggravated offense because a repetitive one.") (internal quotation marks omitted).

### CONCLUSION

The judgment of the district court denying the petition for habeas corpus is AFFIRMED.